EMANUEL NUGENT v. FRANK W. FOSTER AND WILDER D. STEVENS.

*Gift—Evidence*

Where a man, who had been taking care of his mother, took away a broken stove and replaced it with a new one, saying to a third person that he wanted to have a good one there for his mother, it was *held* that the statement, by itself, was insufficient evidence of a gift to her.

Error to Kent. Submitted Oct. 12. Decided Oct 31.

TROVER. The case was tried by a justice of the peace without a jury and in the absence of any showing by defendants was decided in plaintiff's favor. On appeal, there was testimony tending to show that Daniel Nugent had been working certain premises of which his mother, Mrs. Nugent, had a life-lease, and that he supported her; that he afterwards gave his brother Emanuel a certificate of the sale to him of all his personal property, and left the place, the understanding being that Emanuel was to occupy it; that sometime before, and while he was still on the place, he had bought a certain stove with money furnished him by Emanuel; and that some time after Daniel had gone away, James, another brother sold the same stove to Wilder D. Stevens by his mother's authority. Sarah Doyle, a granddaughter of Mrs. Nugent who had lived with her from time to time, testified that a former stove which had been in use for several years had fallen down and was broken in the mother's absence, and that Dan said he would bring it away or change it,—change it or buy a new one,—she didn't remember which; he was to get a new one before grandma would come home; he said his intention was to exchange the stove and have a new one there when grandma came home, and she (the witness) told him he might patch up the old stove as he was going to stay there but a short time, and make it do; and he said he wanted to have a good stove

there for grandma. She farther testified that he went away with the old stove and came back with another, and that she asked him if he had changed the stove and he said he could not change it but he got another. The justice's judgment was affirmed. Defendant brings error. Affirmed.

*Hughes, O'Brien & Smiley* for appellant.

*Taggart & Wolcott* for appellee.

MARSTON J. This was an action of trover brought to recover the value of a cook-stove which the plaintiff claimed to have purchased from his brother, Daniel Nugent, and which the defendants claim to have acquired under a sale from the mother of Daniel, to whom it is claimed the latter gave the stove.

We are of opinion that the case was very fairly submitted to the jury, and that the court was correct in saying that the conversation between Daniel and Sarah Doyle, standing alone, would not be sufficient evidence to show a gift of the stove by Daniel to his mother. We do not think it necessary in this case to examine the charge in detail for the purpose of pointing out the correctness of the same.

The judgment must be affirmed with costs.

The other Justices concurred.